UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

VISIONS GOLF, LLC
d/b/a WALDEN LAKE GOLF AND
COUNTRY CLUB,

Debtor.

_____/

Case No. 8:11-bk-8840
Chapter 11

**Emergency Relief Requested
Prior to May 11, 2011**

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL;
INCLUDING AUTHORITY TO PAY NON-INSIDER WAGES
(INTERIM RELIEF REQUESTED ON AN EXPEDITED BASIS TO BE FOLLOWED
BY A LATER FINAL EVIDENTIARY HEARING IF NECESSARY)**

Debtor, VISIONS GOLF, LLC, d/b/a WALDEN LAKE GOLF AND COUNTRY CLUB ("Debtor"), by and through its undersigned attorney and pursuant to the provisions of §363 of the Bankruptcy Code, hereby files this Motion for Authority to Use Cash Collateral Including Authority to Pay Non-Insider Wages (Interim Relief Requested on an Expedited Basis to be Followed by a Later Final Evidentiary Hearing, if Necessary). In support of this Motion, Debtor states the following:

1. The Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 9, 2011. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating as a Debtor-in-Possession and is managing its assets. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C., Sections 1334 and 157. This is a core matter.

2. An Official Committee of Unsecured Creditors has not been appointed as of the filing of this Motion.

3. The Debtor owns and operates two (2) eighteen (18)-hole championship golf courses and 27,000 square foot country club located at 2001 Clubhouse Dr., Plant City, Florida. The Debtor

is doing business as the Walden Lake Golf & Country Club.

4. The Debtor's facilities and other sources of revenue also include a fully stocked golf shop, a snack bar, plus a full service bar, a comprehensive practice facility featuring a driving range and practice greens. The clubhouse is a 27,000 square foot facility where the Debtor hosts an array of events such as weddings, receptions, banquets, reunions, etc. The Debtor also offers tennis, swim and fitness facilities and sells golf, tennis, swim and social memberships.

**Basis for Motion**

5. The Debtor was incorporated in May of 2006 as a Florida Limited Liability Company and its gross revenue for the twelve-month period ending April 30, 2011 is approximately $1,443,020.79. As is typical with the hospitality business in Florida, the Debtor will experience a decline in revenue during the summer months.

6. At the time of the filing of the Petition herein, Debtor was indebted to Suntrust Bank ("Suntrust") in the approximate amount of $99,750.00. The debt appears to be secured by virtue of a UCC Financing Statement filed with the Florida Secured Transaction Registry on September 8, 2006 against the Debtor's accounts receivable, cash, inventory, furniture, fixtures and equipment ("Personal Property). Suntrust appears to have a first position lien of the Debtor's accounts receiveable, cash, etc.

7. Also, at the time of the filing of the Petition herein, Debtor was indebted to Zions First National Bank ("Zions") in the approximate amount of $2,013,620.76. The debt appears to be secured by a first mortgage on the Debtor's real estate and Personal Property, including, but not limited to, the Debtor's, accounts receivable, cash, inventory, furniture, fixtures and equipment ("First Mortgage"). Zions appears to have perfected its security interest in the Debtor's real estate

and Personal Property by virtue of a mortgage lien and UCC Financing Statement filed on June 2, 2008 with the Florida Secured Transaction Registry. Zions' lien on cash collateral appears to be in second position behind Suntrust.

8. Additionally, at the time of filing of the Petition herein, Debtor was indebted to Reliance Bank ("Reliance") and the United States Small Business Administration ("SBA") in the approximate amount of $1,439,058.78. The total debt owed to Reliance and the SBA appears to be secured by a second mortgage on the Debtor's real property and Personal Property, including, but not limited to, the Debtor's, accounts receivable, cash, inventory, furniture, fixtures and equipment ("Second Mortgage"). Reliance appears to have perfected its security interest in the Debtor's real estate and Personal Property by virtue of a mortgage lien and UCC Financing Statement filed on July 10, 2008 with the Florida Secured Transaction Registry. Reliance and the SBA appear to be wholly unsecured due to Suntrust's first priority lien on Personal Property and Zions' first priority lien on the real estate and second lien on the Personal Property and cash collateral.

9. On or about January 28, 2011, Zions filed a Foreclosure Complaint which contained a Count seeking the appointment of a Receiver.

10. Debtor is unable to operate its business without the ability to use its cash receipts, which may constitute cash collateral. In addition, the Debtor has cash on deposit of approximately $85,107.32. For purposes of this Motion, the interest to be protected consists of the cash collateral component of the creditors' claims.

## Cash Collateral

11. The Debtor's continued operations will produce substantial revenues for the Debtor and is the funding mechanism for the Debtor's reorganization efforts and for the Debtor to pay its

3

debt service. The revenue will constitute "cash collateral". Debtor's monthly revenues are seasonal and on average the Debtor generates approximately $100,000.00 per month. During the summer months, the Debtor generally operates at a loss as is typical with most operations relating to the golf business in Florida.

### Adequate Protection

12. The Debtor's additional Collateral consists of furniture, fixtures and equipment ("FF&E"), inventory and accounts receivable and is valued at approximately $688,873.75.

13. The Debtor will provide an interim budget at the time of the initial emergency hearing on this matter setting forth its income and expenses during the interim period. For instance, taxes will be set aside and the monthly interim adequate protection proposed to be paid to Suntrust and Zions is $1,000.00 and $5,000.00, respectively.

14. A proposed Interim Order is attached as Exhibit "A" and by reference incorporated herein. The terms of the proposed Order provide adequate protection to Suntrust and Zions and the Debtor believes that same is reasonable.

15. Since Debtor is seeking interim relief and use of cash collateral to maintain Debtor's going concern, Debtor's adequate protection is appropriate, especially on an interim basis.

16. Since this Motion was filed at the inception of this case, Zions, Reliance Bank and Suntrust Bank have not consented to the Debtor's use of cash collateral but counsel will endeavor to obtain consent.

### Basis for Post-Petition Wages and Salaries to Non-Insiders

17. In order to maintain the Debtor's business and goodwill, it is necessary that the Debtor's employees are paid for post-petition services that benefit the Debtor. Payroll historically

has been made on a bi-weekly basis. The Debtor's average bi-weekly payroll inclusive of payroll taxes, withholding and the like is on an average approximately $26,000.00, which amount includes the salary of the Debtor's Managing Member and General Manager, Stephen J. Mercer. The Debtor has thirty-one (31) employees, which includes Mr. Mercer. The next payroll is due May 20, 2011.

18. The Debtor, through this motion, does not seek authority to pay officers/insiders. A separate motion for authority to pay officers/insiders salaries will be filed.

WHEREFORE, Debtor respectfully requests that this Court enter an Order pursuant to the provisions of §363 of the Bankruptcy Code authorizing its continued use of cash collateral and authorizing the Debtor to non-insider wages in this Chapter 11 case, and for such other and further relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Authority to Use Cash Collateral has been furnished either by the Court's CM/ECF system or by regular U. S. Mail to the **Office of the U.S. States Trustee**, 501 East Polk Street, Suite 1200, Tampa, Florida 33602; **Zions First National Bank**, One South Main Street, Suite 1400, Salt Lake City, UT 84133; **Zions Bancorporation, c/o Registered Agent Corporation Service Company,** 2180 S. 1300 East, Suite 650, Salt Lake City, UT 84106; **Robert F. Higgins, Esq.**, counsel for Zions First National Bank, PO Box 2809, Orlando, FL 32802; **Reliance Bank, c/o Registered Agent ,** 10401 Clayton Rd., Frontenac, MO 63131; **United States Small Business Administration**, attn: District Counsel, 100 S. Biscayne Blvd., 7th Floor, Miami, FL 33131; **Office of the US Attorney**, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602; **Visions Golf, LLC**, Attention: Steve Mercer, 2001 Clubhouse Dr., Plant City, FL 33566; all creditors and parties in interest listed on the attached matrix and by Certified Mail, Return Receipt to the **Zions First National Bank, attn: A. Scott Anderson, CEO**, One South Maint Street, 15th Floor, Salt Lake City, UT 84133; **Reliance Bank, attn: Allan D. Ivie, IV, CEO**, 10401 Clayton Rd., Frontenac, MO 63131; and **Office of the US Attorney General**, U.S. Dept. of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001 on this 9th day of May, 2011.

MORSE & GOMEZ, PA

/s/ Alberto F. Gomez, Jr.
ALBERTO F. GOMEZ, JR.
Florida Bar No. 784486
119 South Dakota Avenue
Tampa, Florida 33606-1813
Telephone: (813) 301-1000
Facsimile: (813) 301-1001
E-mail: agomez@morsegomez.com
Counsel for Debtor

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

VISIONS GOLF, LLC
d/b/a WALDEN LAKE GOLF AND
COUNTRY CLUB,

Case No. 8:11-bk-8840
Chapter 11

Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO UTILIZE CASH COLLATERAL AND PAY NON –INSIDER WAGES**

THIS CAUSE came on for hearing on May __, 2011 upon the Debtor's Emergency Motion for Authority to Use Cash Collateral and Pay Non-Insider Wages (Doc. No. ___). At the hearing counsel for the Debtor introduced Debtor's Exhibit No. 1 which consisted of pro forma cash analysis or budget. Based upon the Debtor's Exhibit, statements of counsel, the Court being otherwise duly advised of the premises finds that it is appropriate to authorize the Debtor's use of cash collateral on an interim basis, only as more specifically set forth herein. Accordingly, for the reasons stated orally and recorded in open Court that shall constitute the decision of the Court, it is

ORDERED:

1. The Debtor's Motion for Authority to Use Cash Collateral is hereby granted on an interim basis consistent with the budget introduced as Exhibit No. 1 at the hearing and only as specifically set forth herein.

2. The Debtor is hereby authorized to utilize its cash collateral consistent with Exhibit No. 1, effective immediately within a margin of error of 10% per each line item on an interim basis pending the continued preliminary hearing or further order of the Court.

3. The Debtor's offer of adequate protection is authorized and reasonable and the Debtor

shall provide Suntrust Bank ("Suntrust") and Zions First National Bank ("Zions") with adequate protection by paying Suntrust $1,000.00 per month and Zions $5,000.00 per month. The first payment will be due no later than June 1, 2011. Thereafter, payments shall be made on the 1st day of each month until further order of the Court. The payments shall enjoy a three (3) day grace period.

4. The Debtor shall provide Suntrust and Zions with a post-petition lien equal in validity, extent and priority as it existed pre-petition until further order of the Court.

5. The Debtor shall furnish Suntrust and/or Zions with proof of insurance within ten (10) days upon receipt of a written request.

6. The Court has scheduled a continued preliminary hearing on the Motion for _____ at _____ a.m./p.m. before the Honorable _____, **U.S. Courthouse, 801 North Florida Avenue, Courtroom _____, Tampa, Florida 33602.**

7. The Debtor shall provide Suntrust and/or Zions with a proposed budget no later than three (3) days prior to the final evidentiary hearing.

DONE and ORDERED in Tampa, Florida on _____.

_____
United States Bankruptcy Judge

copies to:
**Alberto F. Gomez, Jr., Esq.,** 119 S. Dakota Ave., Tampa, FL 33606;
**Office of the United States Trustee,** 501 E. Polk Street, Suite 1200, Tampa, FL 33602;
**Zions First National Bank,** One South Main Street, Suite 1400, Salt Lake City, UT 84133;
**Zions First National Bank, attn: A. Scott Anderson, CEO,** One South Maint Street, 15th Floor, Salt Lake City, UT 84133;
**Zions Bancorporation, c/o Registered Agent Corporation Service Company,** 2180 S. 1300 East, Suite 650, Salt Lake City, UT 84106;
**Robert F. Higgins, Esq.,** counsel for Zions First National Bank, PO Box 2809, Orlando, FL 32802;
**Reliance Bank, c/o Registered Agent ,** 10401 Clayton Rd., Frontenac, MO 63131;
**Reliance Bank, attn: Allan D. Ivie, IV, CEO,** 10401 Clayton Rd., Frontenac, MO 63131;
**United States Small Business Administration,** attn: District Counsel, 100 S. Biscayne Blvd., 7th Floor, Miami, FL 33131;
**Office of the US Attorney General,** U.S. Dept. of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001;
**Office of the US Attorney,** 400 N. Tampa St., Ste. 3200, Tampa, FL 33602;
**Visions Golf, LLC,** Attention: Steve Mercer, 2001 Clubhouse Dr., Plant City, FL 33566;
All creditors and parties in interest listed on the Court's creditor matrix

F:\Shared Office Files\Visions Golf\Pleadings\Ord Use Cash Coll (interim) 05-09-11.doc