UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

VISIONS GOLF, LLC,                               Case No. 8:11-bk-08840-KRM
d/b/a WALDEN LAKE GOLF AND              Chapter 11
COUNTRY CLUB,

        Debtor.
_____/

## MOTION TO VALUE PURSUANT TO 11 U.S.C. §506, DETERMINE SECURED STATUS OF ZIONS FIRST NATIONAL BANK, RELIANCE BANK, THE UNITED STATES SMALL BUSINESS ADMINISTRATION AND ALL OTHER JUNIOR LIEN HOLDERS AND TO STRIP LIENS

Debtor, VISIONS GOLF, LLC d/b/a WALDEN LAKE GOLF AND COUNTRY CLUB ("Debtor"), by and through its undersigned counsel, hereby files its Motion to Value Pursuant to 11 U.S.C. Section 506, Determine Secured Status of Zions First National Bank, Reliance Bank, the United States Small Business Administration and All Other Junior Lien Holders and to Stip Liens and in support thereof states as follows:

**Procedural and Factual Background**

1. The Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 9, 2011. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating as a Debtor-in-Possession and is managing its assets. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C., Sections 1334 and 157. This is a core matter.

2. An Official Committee of Unsecured Creditors has not been appointed as of the filing of this Motion.

3. The Debtor is a private golf course and country club featuring two eighteen hole golf courses, six tennis courts, a swimming pool, a fitness facility, a retail pro shop and a clubhouse in Plant City, Florida. Pursuant to 11 U.S.C., Sections 1107 and 1108, the Debtors are operating their business as Debtors-in-Possession.

**Basis for Motion**

4. The Debtor owns and operates its Facility at 2001 Clubhouse Drive, Plant City, Florida 33566 (the "Real Property"). The Debtor owns the Real Estate upon which the Facility is situated. The Real Property is comprised of the land and improvements, including the a 36-hole golf course, driving range and practice areas, six tennis courts, a swimming pool, pro shop, meeting rooms, dining rooms, office space and a clubhouse.

5. The Real Property is encumbered by the following liens:

(a) 2010 ad valorem taxes in the amount of $57,408.64, which will be treated under the Debtor's Plan.

(b) Zions First National Bank ("Zions") holds the first mortgage against the Real Property, recorded on June 4, 2008 at Official Records Book 18672, Page 805, of the Public Records of Hillsborough County, Florida ("First Mortgage"). As part of the First Mortgage, the Debtor delivered a Commercial Security Agreement encumbering all of the Debtor's Personal Property, including, but not limited to, cash, accounts receivable, inventory, furniture, fixtures and equipment. As of the date of filing of this Motion, Zions has not filed a claim in the Debtor's Chapter 11 case. Zions' claim is estimated to be approximately $ 2,013,620.76. Zions appears to have perfected its security interest in the Debtor's Real Property by virtue of a UCC Financing Statement filed on or about on or about June 2, 2008 with the Florida Secured Transaction Registry.

(c) Reliance Bank ("Reliance") and the United States Small Business Administration ("SBA") hold the second mortgage against the Real Property, recorded on June 4, 2008 at Official Records Book 18672, Page 866, of the Public Records of Hillsborough County, Florida ("Second Mortgage"). As part of the Second Mortgage, the Debtor delivered a Security Agreement encumbering all of the Debtor's Personal Property, including, but not limited to, cash, accounts receivable, inventory, furniture, fixtures and equipment. As of the date of filing of this Motion, Reliance has not filed a claim in the Debtor's Chapter 11 case. Reliance's claim is estimated to be approximately $ 1,439,058.78 and is junior to the interests of Zions. Reliance appears to have perfected its security interest in the Debtor's real estate by virtue of a UCC Financing Statement filed on or about July 10, 2008 with the Florida Secured Transaction Registry.

6. The Debtor estimates the value of the Real Property is approximately $2,000,000 based on today's real estate market and general economic conditions. Zions may, therefore be undersecured and Reliance and the SBA's Second Mortgage is wholly unsecured. No formal appraisal has been conducted as of the filing of this Motion.

7. Debtor believes that Zions, Reliance and the SBA, if they have allowed secured claims, are either undersecured creditors or wholly undersecured creditors, and are therefore not entitled to claim post-petition interest or post-petition attorney's fees.

9. The Debtor has brought this Motion pursuant to 11 U.S.C. §506(a)(1) for the purpose of requesting this Court to determine the secured status of Zions, Reliance and the SBA for distribution through the Debtor's Chapter 11 Plan.

10. Zions, Reliance and the SBA are only entitled to a secured claim to the extent of the value of Zions' first priority interest in the Debtor's Real Property.

11. The Debtor has a viable business, and the business has an adequate cash flow. The Real Property is necessary in order for the Debtor to continue operating its business and increase its sales in order to effectively reorganize.

12. The Debtor seeks valuation of the Real Property and a determination of any secured status of Zions, Reliance and the SBA in order to determine (a) the value of the Real Property to be approximately $2,000,00; (b) if Zions, Reliance and the SBA have claims against the Debtor's estate, and if so, to what extent; (d) whether a portion of the claims, if allowed, are unsecured; (e) that any claims allowed are not to exceed the combined value of the Real Property; (f) the required treatment of the claims, if any, in the Debtor's Plan of Reorganization.

13. Due to the current economic environment, the Debtor's membership and sales activity severely declined but is beginning to stabilize. The Debtor is ideally suited for reorganization under Chapter 11 because it can restructure its financial obligations, adjust its debt service and emerge from Chapter 11 as a financially stronger entity.

14. It would be in the best interest of the Debtor, its estate, creditors and reorganization plans to have the Real Property valued and the amount and status of the Zions, Reliance and SBA claims determined.

WHEREFORE, the Debtor respectfully request that this Court enter an order: (a) granting this Motion to Value Pursuant to 11 U.S.C. §506; Determine Secured Status of Zions First National Bank, Reliance Bank, the United States Small Business Administration and any Other Junior Lien Holder; and Strip Liens; (b) determining the value of the Real Property to be approximately $2,000,000; (c) determining that Zions has a secured claim on the Real Estate in an amount not to exceed $2,000,000.00, less the ad valorem taxes owed prepetition; (d) determining that the balance of the indebtedness owed to Zions is **unsecured**; (f) determining

that Reliance and the SBA's second priority lien shall be treated as a wholly unsecured claim; (g) voiding the Second Mortgage lien of Reliance and the SBA; and (h) granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Motion to Value and Determine Secured Status of Zions First National Bank and Reliance Bank Pursuant to 11 U.S.C. Section 506** has been furnished either by the Court's CM/ECF system or by regular U. S. Mail, first class postage prepaid, to the **Office of the U.S. States Trustee**, 501 East Polk Street, Suite 1200, Tampa, Florida 33602; **David Peterson and Robert F. Higgins**, counsel for Zions First National Bank, PO Box 2809, Orlando, FL 32802; **Reliance Bank**, **c/o Registered Agent**, 10401 Clayton Rd., Frontenac, MO 63131; **United States Small Business Administration**, attn: District Counsel, 100 S. Biscayne Blvd., 7th Floor, Miami, FL 33131; **Office of the US Attorney**, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602; **Visions Golf, LLC**, Attention: Steve Mercer, 2001 Clubhouse Dr., Plant City, FL 33566; the creditors and parties in interest listed on the attached matrix and by Certified Mail, Return Receipt to **Reliance Bank, attn: Allan D. Ivie, IV, CEO**, 10401 Clayton Rd., Frontenac, MO 63131; and **Office of the US Attorney General**, U.S. Dept. of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001 on this 25th day of May, 2011.

MORSE & GOMEZ, P.A.

/s/ Alberto F. Gomez, Jr.
ALBERTO F. GOMEZ, JR.
Florida Bar No. 784486
119 S. Dakota Ave.
Tampa, Florida 33606
Telephone: (813) 301-1000
Facsimile: (813) 301-1001
Counsel for Debtor