UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

VISIONS GOLF, LLC,                            Case No. 8:11-bk-08840-KRM
d/b/a WALDEN LAKE GOLF AND             Chapter 11
COUNTRY CLUB,

     Debtor.
_____/

**DEBTOR'S MOTION TO APPROVE COMPROMISE BY AND BETWEEN
THE DEBTOR AND WESTERN FINANCE & LEASE, INC.**

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES AN OBJECTION/RESPONSE WITHIN TWENTY ONE (21) DAYS FROM THE DATE THIS PAPER IS ENTERED ON THE DOCKET. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR OBJECTION/RESPONSE WITH THE CLERK OF THE COURT AT 801 N. FLORIDA AVENUE, ROOM 501, TAMPA, FLORIDA 33602, AND SERVE A COPY ON THE DEBTOR'S ATTORNEY, ALBERTO F. GOMEZ, JR.**
>
> **IF YOU FILE AND SERVE AN OBJECTION/RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL SCHEDULE A HEARING AND YOU WILL BE NOTIFIED. IF YOU DO NOT FILE AN OBJECTION/RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

Debtor, Visions Golf, LLC d/b/a Walden Lake Golf and Country Club, by and through its undersigned attorneys, hereby files this Motion to Approve Compromise Controversy by and between the Debtor and Western Finance & Lease, Inc. (the "Motion"). In support of this Motion, the Debtor states the following:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. The Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 9, 2011. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating as a Debtor-in-Possession and is managing its assets. This Court has

jurisdiction to consider this matter pursuant to 28 U.S.C., Sections 1334 and 157. This is a core matter.

2. An Official Committee of Unsecured Creditors has not been appointed as of the filing of this Motion.

3. The Debtor is a private golf course and country club featuring two eighteen hole golf courses, six tennis courts, a swimming pool, a fitness facility, a retail pro shop and a clubhouse in Plant City, Florida.

**Basis of Motion**

4. In connection with the operation of its Golf Course and Country Club, the Debtor employs the use of various course maintenance equipment, including a 2003 Toro Greenmaster 8 Blade Cutting Unit, 7 2004 Turf Club Cars with Canopy Tops and Windshields, 1 Kubota LA 682-1 Loader with a 66" Bucket, 1 2004 Toro Sandpro 5020, 1 Vanguard Mower with 31hp Briggs, and 1 72" Adv. Deck for the Vanguard Mower (the "Collateral").

5. The Collateral is encumbered by two capital lease agreements executed and delivered by the Debtor to Western Finance & Lease, Inc. ("Western Finance"). Western Finance also filed UCC-1 Financing Statements with the State of Florida Secured Transaction Registry reflecting its secured interest in the Collateral.

6. On June 1, 2011 Western Finance filed Claim No. 10 in the amount of $3,750.51 and Claim No. 11 in the amount of $7,205.52 secured by the Collateral. The combined total of Western Finance's secured claims is $10,956.03.

7. On June 7, 2011 the Debtor filed its Motion to Value and Determine Secured Status of Western Finance & Lease, Inc. Pursuant to 11 U.S.C. Section 506 ("Motion to Value") (Doc. No. 46) asserting that the value of the Collateral is $5,000.00.

8. The Court has scheduled a preliminary hearing on the Motion to Value for July 21, 2011 at 11:00AM.

9. The Parties engaged in settlement discussions over an extended period of time and have now come to an agreement.

## Compromise

10. In order to avoid the fees and costs associated with the continuing litigation and to resolve the matter relating to the Motion to Value, the Debtor and Western Finance have agreed to settle based on the terms set forth in the Stipulation Resolving Debtor's Motion to Value Collateral of Creditor Western Finance & Lease, Inc. and for Adequate Protection ("Stipulation"). A copy of the Stipulation is attached hereto as Exhibit "A" and by reference incorporated herein. Accordingly, the parties agree to compromise on the terms as described in the Stipulation, subject to Court approval. The Parties seek approval of the Stipulation in its entirety.

11. The terms of the compromise as set forth in the Stipulation are hereby incorporated as fully set forth herein.

## Best Interest of the Estate

12. The Debtor believes that the compromise of dispute pursuant to the terms outlined in the attached Agreement is in the best interest of the estate. The terms outlined in the Stipulation will allow the dispute between the Debtor and Western Finance to be resolved expeditiously and given the costs of continuing litigation, the compromise is in the best interest of the estate.

13. The Parties believe this compromise is in the best interest of the estate, creditors, and parties in interest.

**Standards for Court Approval**

14. It is generally recognized that the law favors compromise of disputes over litigation. In re Bicoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. In re Holywell Corp., 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.). In In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990), cert. denied 498 U.S. 959, (1990), the court enunciated certain factors which must be considered in determining whether to approve a compromise. These factors include the following:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

    d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id.

15. The Debtor believes that the compromise of dispute pursuant to the terms outlined in the attached Stipulation is in the best interest of the estate. The terms outlined in the Stipulation will allow the dispute between the Debtor and Western Finance to be resolved expeditiously; the compromise is in the best interest of the estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting this Motion, approving the Stipulation in its entirety and granting such further relief as is just.

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

I HEREBY CERTIFY that a true and correct copy of the **DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH WESTERN FINANCE** has been furnished by Electronic and/or U.S. Mail, first class postage prepaid to U. S. Mail to the **Office of the U.S. States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; **Lynn J. Hinson,** counsel for Western Finance, 800 N. Magnolia Ave., Ste. 1500, Orlando, FL 32803; **Visions Golf, LLC**, Attention: Steve Mercer, 2001 Clubhouse Dr., Plant City, FL 33566; to the parties listed on the attached LBR 1007-2 matrix on this 20th day of July, 2011.

MORSE & GOMEZ, P.A.

<u>/s/ Alberto F. Gomez, Jr.</u>
ALBERTO F. GOMEZ, JR.
Florida Bar No. 784486
119 South Dakota Avenue
Tampa, Florida 33606-1813
Telephone: (813) 301-1000
Facsimile: (813) 301-1001
Counsel for Debtor

F:\Shared Office Files\Visions Golf\Pleadings\Approve Compromise Western Finance 07-20-11.DOC