UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

VISIONS GOLF, LLC,                             Case No. 8:11-bk-08840-KRM
d/b/a WALDEN LAKE GOLF AND              Chapter 11
COUNTRY CLUB,

        Debtor.
_____/

### DEBTOR'S MOTION TO APPROVE COMPROMISE BY AND BETWEEN THE DEBTOR AND ZIONS FIRST NATIONAL BANK

Debtor, Visions Golf, LLC d/b/a Walden Lake Golf and Country Club, by and through its undersigned attorneys, hereby files this Motion to Approve Compromise Controversy by and between the Debtor and Zions First National Bank (the "Motion"). In support of this Motion, the Debtor states the following:

### PROCEDURAL AND FACTUAL BACKGROUND

1. The Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 9, 2011. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating as a Debtor-in-Possession and is managing its assets. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C., Sections 1334 and 157. This is a core matter.

2. An Official Committee of Unsecured Creditors has not been appointed as of the filing of this Motion.

3. The Debtor is a private golf course and country club featuring two eighteen hole golf courses, six tennis courts, a swimming pool, a fitness facility, a retail pro shop and a clubhouse in Plant City, Florida.

## Basis of Motion

4. On May 9, 2011 the Debtor filed its Emergency Motion to Use Cash Collateral, Including Authority to Pay Non-Insider Wages (Interim Relief Requested on an Expedited Basis to be followed by a later final evidentiary hearing if necessary) (Doc. No. 4).

5. The Court has provided the Debtor with authority to use its cash collateral on an interim basis pending the outcome of a final evidentiary hearing. The Court has scheduled a final evidentiary hearing for **September 20, 2011 at 1:30PM** on the Debtor's Motion to Use Cash Collateral.

6. On May 13, 2011 Zions First National Bank ("Zions") filed a Motion for Relief from Stay (Doc. No. 24) and on May 25, 2011 the Debtor filed its Response and Objection to Motion for Relief from Stay (Doc. No. 41). The Court has scheduled a final evidentiary hearing for **September 20, 2011 at 1:30PM** on Zions' Motion for Stay Relief.

7. On May 25, 2011 the Debtor also filed its Motion to Value Pursuant to 11 U.S.C. Section 506, Determine Secured Status of Zions First National Bank, Reliance Bank and the United States Business Administration and All Other Junior Lien Holders and to Strip Liens ("Motion to Value") (Doc. No. 40) asserting that the value of the collateral is approximately $2,000,000, that Zions' is undersecured and that Reliance Bank and the SBA are wholly unsecured.

8. Conversely, Zions asserts that the value of the collateral is approximately $2,700,000 and that its claim in the amount of $2,300,129.31 it is fully secured as evidenced by Claim No. 28 filed by Zions. Further, Zions could assert its 1111(B) election rights and its claim would be fully secured despite the valuation.

9. The Court has scheduled a final evidentiary hearing on the Debtor's Motion to Value for **September 20, 2011 at 1:30PM**.

10. The Parties engaged in extensive settlement discussions over an extended period of time and have now come to an agreement.

### Compromise

11. In order to avoid the fees and costs associated with the continuing litigation and to resolve the matters relating to the Debtor's Motion to Use Cash Collateral (Doc. No. 4), Zions' Motion for Stay Relief (Doc. No. 24) and the Debtor's Motion to Value (Doc. No. 40), the Debtor and Zions have agreed to settle their dispute based on the terms set forth herein, subject to Court approval.

12. The parties agree that the value of the collateral equals Zions allowed claim as of August 31, 2011 which is $2,327,025.03. Accordingly, Zions claim is fully secured and the claim of Reliance Bank and the SBA is wholly unsecured.

13. The Debtor shall pay Zions' fully secured claim in the amount of $2,327,025.03 by making twelve (12) equal monthly payments of principal and interest at 6% per annum amortized over twenty-two (22) years in the approximate monthly amount of $15,895.31 with the first payment to begin September 1, 2011. Commencing September 1, 2012 and continuing for the following forty-six (46) months, Zions claim shall be paid with interest at the annual percentage rate of the U.S. Prime Rate, plus 2.25%, but in no event shall the interest rate paid on Zions' claim during this period exceed 10%. On the first day of the 60th month following the Effective Date, any remaining balance of Zions' claim shall be due in full. The terms of the original note and mortgage shall remain in full force and effect except as modified herein[1].

---

[1] The Debtor shall also promptly file a Motion to Compromise a pending lawsuit filed by the Debtor in Polk County State Court against Midflorida Federal Credit Union ("Midflorida") and The Fairways Group of Delaware Limited

3

14. The Debtor shall incorporate the treatment of Zions' claim, as described above, into the Debtor's Chapter 11 Plan of Reorganization.

15. Zions agrees to support the Debtor's Plan by filing a ballot in favor of the Plan and otherwise support plan confirmation provided that the terms as described herein are incorporated into the Plan.

16. The Debtor shall pay the claim of Reliance Bank and the SBA as a general unsecured creditor under its Plan of Reorganization pursuant to Claim No. 32 filed by Reliance Bank.

### Best Interest of the Estate

17. The Debtor believes that the compromise of dispute pursuant to the terms outlined in the attached Agreement is in the best interest of the estate. The terms outlined in the Stipulation will allow the dispute between the Debtor and Zions to be resolved expeditiously and given the costs of continuing litigation, the compromise is in the best interest of the estate.

18. The Parties believe this compromise is in the best interest of the estate, creditors, and parties in interest.

### Standards for Court Approval

19. It is generally recognized that the law favors compromise of disputes over litigation. In re Bicoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. In re Holywell Corp., 93 B.R.

---

Partnership ("Fairways") which will provide funds necessary to assist the Debtor in funding its Plan obligations. For instance, a portion of the settlement proceeds shall be earmarked towards paying certain Plan obligations including up to four (4) months worth of monthly payments the Debtor is obligated to pay to Zions First National Bank upon Plan confirmation. The Debtor will not prepay the four (4) months worth of payments, but earmark and place in escrow the four (4) months worth of payments which will be released and paid as each monthly payment due to Zions comes due.

291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.). In In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir. 1990), cert. denied 498 U.S. 959, (1990), the court enunciated certain factors which must be considered in determining whether to approve a compromise. These factors include the following:

    a.    The probability of success in the litigation;

    b.    The difficulties, if any, to be encountered in the matter of collection;

    c.    The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

    d.    The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id.

20. The Debtor believes that the compromise of dispute pursuant to the terms outlined herein is in the best interest of the estate. The terms outlined herein will allow the dispute between the Debtor and Zions with respect to the Debtor's Motion to Use Cash Collateral, Zions' Motion for Relief from Stay and the Debtor's Motion to Value to be resolved expeditiously; the compromise is in the best interest of the estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting this Motion, approving the terms of the compromise as described herein and granting such further relief as is just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the **DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH ZIONS FIRST NATIONAL BANK** has been furnished by Electronic and/or U.S. Mail, first class postage prepaid to U. S. Mail to the **Office of the U.S. States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; **Jason Johnson**, counsel for Zions First National Bank, PO Box 2809, Orlando, FL 32802; **Reliance Bank**, **c/o Lori L. Moore, Roetzel & Andress, LPA, 2320 First St., Ste. 1000, Fort Myers, FL 33901**; **United States Small Business Administration**, attn: District Counsel, 100 S. Biscayne Blvd., 7th Floor, Miami, FL 33131; **Office of the US Attorney**, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602; **Visions Golf, LLC**, Attention: Steve Mercer, 2001 Clubhouse Dr., Plant City, FL 33566; to the parties listed on the attached LBR 1007-2 matrix and by Certified Mail, Return Receipt to **Office of the US Attorney General**, U.S. Dept. of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001 on this 24th day of August, 2011.

    MORSE & GOMEZ, P.A.

    /s/ Alberto F. Gomez, Jr.
    ALBERTO F. GOMEZ, JR.
    Florida Bar No. 784486
    119 South Dakota Avenue
    Tampa, Florida 33606-1813
    Telephone: (813) 301-1000
    Facsimile: (813) 301-1001
    Counsel for Debtor

F:\Shared Office Files\Visions Golf\Pleadings\Approve Compromise Zions 08-19-11.DOC