**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In Re: )
 )
VISIONS GOLF, LLC ) Case No. 8:11-BK-08840-KRM
d/b/a WALDEN LAKE GOLF AND ) Chapter 11
COUNTRY CLUB, )
 )
 Debtor. )
 )
_____ )

**UNITED STATES' OBJECTION TO CONFIRMATION
OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

The United States of America, through its attorney, Robert E. O'Neill, United States Attorney for the Middle District of Florida, hereby objects to confirmation of the debtor's Chapter 11 Plan of Reorganization dated September 1, 2011, and states as follows:

1. On May 9, 2011, the Debtor filed a Voluntary Petition under Chapter 11.

2. On September 1, 2011, Debtor filed its Chapter 11 Plan of Reorganization (Doc. #113). In the Plan, Debtor proposes to pay Internal Revenue Service's claim of $115,780.69, which is comprised of a secured component in the approximate amount of $104,906.39 and a priority unsecured component in the approximate amount of $10,874.30 for 941 employment taxes owed for the 2009 tax periods and any proper penalties and interest related thereto.

3. However, Internal Revenue Service ("IRS") filed a Proof of Claim on September 7, 2011, which indicates that the total amount of secured claims is $98,489.93 and the total amount of unsecured priority claims is $250.00. As such, Debtor's Plan should be amended to reflect the IRS's amended Proof of Claim.

4. The United States further objects to confirmation of the debtor's Chapter 11 Plan because the plan fails to comply with 11 U.S.C. § 1129(b).

5. 11 U.S.C. § 1129(b)(1) states that a plan will be confirmed if the plan does not discriminate, and is fair and equitable. Under 11 U.S.C. § 1129(b)(2)(A), a plan is fair and equitable if holders of secured claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims.

6. In this case, the IRS has three liens on the Debtor's real property in the amounts of $29,443.75, $62,831.49, and $91,479.23, respectively. The Debtor's Plan of Reorganization does not state that the IRS will retain its liens on Debtor's real property. Therefore, the debtor's plan violates 11 U.S.C. § 1129(b), and the plan should not be confirmed.

7. The United States also objects to confirmation of the debtor's Chapter 11 Plan because the plan fails to comply with 11 U.S.C. § 1129(a)(9)(C).

8. 11 U.S.C. § 1129(a)(9)(C)(i) and (ii) provide that the holder of a claim "specified in 11 U.S.C. § 507(a)(8)" must be paid, with interest, over a period ending not later than five years after the date for the order of relief. In addition, 11 U.S.C. § 1129(a)(9)(C)(iii) provides that a claim "specified in 11 U.S.C. § 507(a)(8)" must not be treated less favorably than the most favored unsecured priority claim.

9. Here, the Debtor's Plan of Reorganization states that the amount owed for the taxes, together with interest thereon at the rate of four percent (4%) per annum, will be paid in equal monthly installments of $2,614.22 for forty-eight (48) months beginning on the Effective Date of the Plan. To the extent that this language provides for payment of the IRS's claim beyond the timeframe under the Code, the Debtor's plan should not be confirmed.

10. The United States further objects to the confirmation of the Debtor's Chapter 11 Plan because the Plan proposes to apply payments to the trust fund portion of the Government's

claim.  The United States Supreme Court held in United States v. Energy Resources Co., Inc., 495 U.S. 545, 551 (1990) that a bankruptcy court may order the Internal Revenue Service to apply an involuntary payment against its best interest where such an order is necessary to the success of the debtor's reorganization.  To do so, the bankruptcy court must conclude that an allocation to the trust fund portion of a tax liability is necessary.  In re Oyster Bar of Pensacola, Inc. 201 B.R. 567, 569 (Bankr. N.D. Fla. 1996).  In making this determination, the Court must weigh whether allowing the allocation increases the risk the IRS will not be able to collect the total tax due, versus whether there is an offsetting likelihood that the allocation will increase the likelihood of a successful reorganization.  Id.

11.     There is no evidence that allowing a 50/50 allocation will enhance the probability the Debtor will complete the reorganization.  In fact, allowing such an allocation decreases the chance of successful completion of the organization by giving Debtor's owners incentive to only make payments under the plan until the trust fund portion of the Government's claim is paid.  See In Re: Visiting Nurse Ass'n of Tampa Bay, Inc., 128 B.R. 835, 837 n.5 (Bankr. M.D. Fla. 1991) ("Where trust funds are allocated to be paid first under the plan, the IRS has just concern that post-petition management only has an incentive until the trust fund portion of the claim is paid.").  Therefore, the Debtor's plan should not be confirmed.  Instead, as the court found in In Re: Visiting Nursing,

> This court has consistently authorized a pro rata application of plan payments between the trust fund and nontrust fund portions of tax claims. The Court has found such pro rata application enhances, if not establishes, the impetus for success of the reorganization process. Where the responsible persons are post-petition management, they have an incentive to implement the plan and keep the debtor efficient, thus insuring payment of the entire tax claim, both trust fund and non-trust fund portions. Where trust funds are allocated to be paid first under the plan, the IRS has just concern that post-petition management only has an incentive until the trust fund portion of the claim is paid. The pro rata application of each plan payment eliminates these concerns of the IRS.

*See* id. Accordingly, the United States would agree to a modification of the Plan that includes a pro rata distribution of IRS's total claim.

12. Furthermore, the IRS objects to confirmation of Debtor's Plan because Article VI of the Plan is an injunction provision, not allowable under the law. Pursuant to Internal Revenue Code § 6672, an officer or employee of a corporation who is responsible for collecting, accounting for, and paying over withholding taxes and who willfully fails to do so, or who willfully attempts in any manner to evade or defeat the tax or the payment of the tax, may be held personally liable for a civil penalty equal to the amount of the tax evaded, not collected, or not accounted for and paid over to the Government. It is well established that the liability imposed under Internal Revenue Code § 6672 is separate and distinct from that imposed on the employer under I.R.C. §§ 3102 and 3402. Howard v. United States, 711 F.2d 729, 733 (5th Cir.1983); Hornsby v. IRS, 588 F.2d 952, 954 (5th Cir.1979); Moore v. United States, 465 F.2d 514, 517 (5th Cir.1972). Thus, the Service need not pursue collection from the employer prior to assessing a responsible person under Internal Revenue Code § 6672. Datlof v. United States, 370 F.2d 655, 656 (3d Cir.1966); Hornsby, 588 F.2d at 954. By explicit statutory terms, the liability imposed by Internal Revenue Code § 6672 is to be "assessed and collected in the same manner as taxes." Internal Revenue Code § 6671(a). Once the liability is assessed, a lien arises against "all property and rights to property" belonging to the person against whom the assessment was made. 26 U.S.C. § 6321 (1982). Thus, the liability imposed by Internal Revenue Code § 6672 is separately assessed against, and is collectable from the assets belonging to a responsible person.

While courts have held that a creditor is bound by the order of the bankruptcy court confirming the plan of reorganization which provided for the release of a non-debtor because the order was res judicata, see Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987); In re

North Alabama Anesthesiology Group, P.C.,154 B.R. 752 (N.D. Ala. 1993), the Eleventh Circuit has taken a different position. Specifically, the Eleventh Circuit in United States v. Huckabee Auto Co., 783 F.2d 1546(11th Cir. 1986) held that the jurisdiction of the bankruptcy courts includes determinations of the tax liabilities of debtors who file bankruptcy petitions, but that the bankruptcy court's jurisdiction does not extend to the separate liabilities of persons who are not debtors in those cases. Thus, the Huckabee court ruled that the bankruptcy court lacked jurisdiction to enjoin the IRS from assessing trust fund recovery penalty liabilities against non-debtor officers of a corporation that had filed for bankruptcy. Therefore, the IRS objects to confirmation of the Plan, specifically the injunction provision of Article VI.

WHEREFORE, the United States of America objects to Debtor's Chapter 11 Plan of Reorganization and requests that the Court deny confirmation.

    Respectfully submitted,

    ROBERT E. O'NEILL
    United States Attorney

BY: /s/YOHANCE A. PETTIS_____
    YOHANCE A. PETTIS
    Assistant U.S.Attorney
    Florida Bar No. 0021216
    400 N. Tampa Street, Suite 3200
    Tampa, Florida  33602
    Telephone: (813) 274-6000
    Fax: (813) 274-6200
    Email: yohance.pettis@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on October 19, 2011, I electronically filed the foregoing with the Clerk of the Bankruptcy Court by using the CM/ECF system which will send a notice of the electronic filing to the following:

    Alberto F. Gomez, Jr., Esquire
    Debtor's Attorney

    Denise E. Barnett
    United States Trustee

    /s/YOHANCE A. PETTIS\_\_\_\_\_
    Assistant United States Attorney